UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 2:19-cr-00151-JFL-3 |
| | : | |
| NOEL REGALADO-ROJAS, | : | |
| Defendant | : | |

**<u>O P I N I O N</u>**
**Motion for Time-Served Credit, ECF No. 622 - Dismissed**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**September 30, 2026**

## I. INTRODUCTION

Defendant Noel Regalado-Rojas is serving a sentence on drug-related offenses. More than three years have elapsed since he was sentenced, but he recently filed a motion seeking credit for time spent in custody in the Dominican Republic pending extradition for the above-captioned case. Because such a request may only be raised in a petition under 28 U.S.C. § 2241 in the district of confinement after exhaustion of all administrative remedies, neither of which has been complied with, the motion is dismissed.

## II. BACKGROUND[1]

In February 2020, a Superseding Indictment was filed against Regalado-Rojas charging him with conspiracy to distribute a controlled substance (heroin and fentanyl) in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C), and with possession with intent

[1] The Indictments, guilty plea information, and sentencing documents are sealed so this Opinion refers only to the information that can be seen on the public docket. The specific details of the plea and sentence are not relevant to resolution of the instant motion and therefore not discussed herein.

to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 18 U.S.C. § 2. *See* ECF No. 141. *See also* ECF No. 274 (Second Superseding Indictment). He pled guilty on September 26, 2022. *See* ECF Nos. 349, 351-352. Regalado-Rojas was sentenced on June 21, 2023. *See* ECF Nos. 414-415. His subsequently filed motions for a sentence reduction were resolved by Order. *See* ECF Nos. 461, 508, 606-607.

On September 15, 2026, Regalado-Rojas filed a motion requesting consideration of time spent in custody in the Dominican Republic pending extradition, which is the subject of this Opinion. *See* Mot., ECF No. 622. He asserts that he spent several months in custody in the Dominican Republic awaiting extradition for the above-captioned case and seeks credit for this time toward his sentence. *See id.* 1-2. He does not allege, nor do the documents attached to his motion suggest, that he sought such relief from the Bureau of Prisons. *See generally id.* He is currently detained in FCI Fort Dix, which lies in the District of New Jersey.

## III. DISCUSSION

The motion is dismissed for two reasons. First, "once the Bureau of Prisons (hereinafter 'the BOP') has calculated a sentence, the appropriate action to challenge BOP's calculation is to file a petition for habeas corpus relief under 28 U.S.C. § 2241." *United States v. Rittenhouse*, No. 3:09cr266, 2014 U.S. Dist. LEXIS 61752, at *3-4 (M.D. Pa. May 5, 2014). *See also United States v. Grimes*, 641 F.2d 96, 99 (3d Cir. 1981) (holding that a defendant's claim "that he is entitled to federal credit for time spent serving his state sentences . . . should be made on a petition for a writ of habeas corpus, 28 U.S.C. § 2241"). A 2241 petition must be filed in the

district of confinement. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017) ("[U]nder the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians 'within their respective jurisdictions.' § 2241(a)"). Regalado-Rojas is currently confined in the District of New Jersey so this Court lacks jurisdiction to entertain his motion.[2]

Second, before seeking relief pursuant to 28 U.S.C. § 2241, a prisoner must exhaust administrative remedies.[3] *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) ("Although there is no statutory exhaustion requirement attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241."). "A federal court may dismiss a prisoner's petition for writ of habeas corpus for failing to exhaust all administrative remedies." *Miller v. United States*, No. 03-5359, 2004 U.S. Dist. LEXIS 7752, at *2-3 (E.D. Pa. Apr. 23, 2004). The prisoner "carries the burden of proving exhaustion of all available [] remedies." *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). After exhausting administrative remedies, prisoners may seek judicial review of time-served computations. *See United States v.*

---

[2] Generally, when a court lacks jurisdiction it has the authority to either dismiss the motion or transfer it to any district in which it could have been brought. *See* 28 U.S. C. § 1631. However, a transfer is not appropriate if it is not in the interests of justice. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 803 (1988). The interests of justice weigh against transfer here because Regalado-Rojas's request for relief from the courts appears to be premature based on his failure to exhaust. *See Rittenhouse*, 2014 U.S. Dist. LEXIS 61752, at *5 n.2 (refusing to transfer the motion for time-served credit, which was construed as a 2241 petition, to the district of confinement because the defendant had not exhausted administrative remedies).

[3] "The BOP provides a four-step administrative remedy system for prisoners to review any aspect of their confinement. This system consists of a written request for informal resolution on an appropriate form ('BP-8'), a formal request to the Warden ('BP-9'), appeal to a Regional Director ('BP-10'), and finally, appeal to the BOP's Office of General Counsel ('BP-11')." *Ndukwe v. Warden of FPC Schuylkill*, No. 3:25-cv-01709, 2026 U.S. Dist. LEXIS 194512, at *3-4 (M.D. Pa. Aug. 28, 2026) (citing 28 C.F.R. §§ 542.10-542.19). *See also Russo v. Caravajal*, No. 22-1982, 2022 U.S. Dist. LEXIS 202026, at *3-4 (E.D. Pa. Nov. 7, 2022) (explaining the BOP's Administrative Remedy Program).

*Wilson*, 503 U.S. 329, 335-36 (1992). "Computation of time served is an administrative rather than a judicial responsibility." *Rittenhouse*, 2014 U.S. Dist. LEXIS 61752, at *3 (citing *Soyka v. Alldredge*, 481 F.2d 303, 304-05 (3d Cir. 1973)). The BOP has "developed detailed procedures and guidelines for determining the credit available to prisoners." *Wilson*, 503 U.S. at 335. Regalado-Rojas does not suggest that he sought relief from the BOP or that he fully exhausted his administrative remedies. Accordingly, his request for relief from the federal courts is premature.

Because Regalado-Rojas failed to exhaust administrative remedies, and also failed to file his motion as a petition for habeas corpus relief under 28 U.S.C. § 2241 in the district of confinement, the motion is dismissed. *See United States v. Chavez-Gavina*, CR. NO. 00-63, 2002 U.S. Dist. LEXIS 4035, at *4 (E.D. Pa. Mar. 12, 2002) (dismissing the defendant's motion for time credit for failure to exhaust administrative remedies and noting that the proper venue for the motion was in the district of confinement, the Northern District of New York).

## IV. CONCLUSION

Regalado-Rojas, who is currently confined in the District of New Jersey, failed to exhaust administrative remedies regarding his request for time credit. The instant motion is therefore dismissed for failure to exhaust. The dismissal is without prejudice to his right to renew his request in a petition under 28 U.S.C. § 2241 in the district of confinement after exhaustion of all administrative remedies.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge